1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8    GERRY WILLIAMS,                              No. C 06-1418 SI (pr)
9              Plaintiff,                         **ORDER OF SERVICE**
10       v.
11   DR. KINSEY; et al.,
12             Defendants.
13                                          /
14                        **INTRODUCTION**
15       Gerry Williams, an inmate at Salinas Valley State Prison, filed a pro se civil rights action
16   under 42 U.S.C. § 1983.  Williams filed a complaint and then an amended complaint.  The
17   amended complaint supersedes the original complaint and is now before the court for review
18   pursuant to 28 U.S.C. §1915A.
19
20                        **BACKGROUND**
21       Williams' amended complaint concerns three different medical care problems he
22   experienced at Salinas Valley State Prison.  His amended complaint alleges the following:
23       On or about January 5,2003, Williams requested that a broken tooth be extracted and he
24   be given dentures.  He submitted numerous medical request slips and was eventually sent to the
25   clinic in or about August 2003.  Dr. Kinsey, the dentist, took x-rays of the tooth and determined
26   that it required oral surgery to extract.  "Without the aid of any pain medication, plaintiff was
27   scheduled to see a special dentist for oral surgery and extraction."  Amended Complaint, p. 3-a.
28

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1   Oral surgery was done on or about December 22, 2003. Dr. Kinsey told Williams dentures

2   would be made after the gum healed at the extraction site, and that it would take at least four

3   months for the gum to heal. Williams submitted many requests for dentures between May 1,

4   2004 and August 10, 2004 because it was very painful to eat without dentures. Williams saw

5   Dr. Kinsey walking to the clinic and asked him why he hadn't been sent to the clinic for dentures

6   and Dr. Kinsey said that he was on a waiting list and would wait longer if he kept submitting

7   inmate request slips and 602s. Williams repeated his complaints whenever he saw the dentist

8   walking to and from the clinic over the next few months. Williams filed an inmate appeal that

9   was eventually granted and stated that he would receive dental care by the end of September

10  2005. It is unclear from his amended complaint whether he did not receive his dentures at all

11  or not until September 2005.

12      The second claim concerns a custodial officer's interference with a cardiology

13  examination. On September 8, 2005, Williams was taken to an outside medical center for a

14  treadmill test. The patient taking the test he must "run full speed on the treadmill to speed up

15  his heart rate." Amended Complaint, p. 3-d. Correctional officer J.J. Mcanelly, who escorted

16  Williams to the appointment, refused to remove Williams' handcuffs and waist restraints, even

17  when the doctors explained that the test could not be accurately done with waist restraints and

18  leg irons. Williams attempted to take the test while restrained, but lasted for only five minutes

19  on a test that should last up to 15-20 minutes. Williams claims that he was taken back to the

20  prison and began to experience "painful and hard palpitations for over 23 days without any

21  treatment." Id. at 3-e. He claims that Mcanelly's refusal to remove the handcuffs and waist

22  restraints interfered with his right to medical care.

23      The third claim concerns a seizure disorder. Williams requested treatment for a seizure

24  disorder on or about February 5, 2005. He was seen by a prison doctor and referred to the

25  Corcoran state prison hospital to see a nerve specialist. The Corcoran doctor ordered medication

26  for 30 days and requested an EEG test. The EEG was done at Natividad Medical Center in

27  February 2005, but the report never was forwarded to the "institution." The medication

28  prescribed by the doctor at Corcoran was only for 30 days and worked for about three months.

2

United States District Court

For the Northern District of California

1 Then, Williams began having seizure-type problems again. Dr. Nguyen and nurse William Delfs

2 repeatedly failed and refused to schedule him for an examination regarding the seizure order.

3 Dr. Nguyen apparently claimed to be interested only in doing follow-up work on a holter

4 monitor (a device used to evaluate cardiac health) that Williams was scheduled to wear. Dr.

5 Nguyen and nurse Delfs refused to refill the medication for Williams' pain and spasms related

6 to the seizure problem. Dr. Nguyen and nurse Delfs claimed they could not refill the medication

7 until they saw the EEG report, but they refused to order another EEG or order another copy of

8 the earlier report from the February 2005 EEG.

9

10 **DISCUSSION**

11 A federal court must engage in a preliminary screening of any case in which a prisoner

12 seeks redress from a governmental entity or officer or employee of a governmental entity. See

13 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss

14 any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

15 or seek monetary relief from a defendant who is immune from such relief. See id. at

16 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police

17 Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

18 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that

19 a right secured by the Constitution or laws of the United States was violated and (2) that the

20 violation was committed by a person acting under the color of state law. See West v. Atkins,

21 487 U.S. 42, 48 (1988).

22 Deliberate indifference to a prisoner's serious medical needs violates the Eighth

23 Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429

24 U.S. 97, 102-04 (1976). Serious medical needs may include dental care needs. See Hunt v.

25 Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates).

26 To prove that the response of prison officials to a prisoner's medical needs was constitutionally

27 deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference

28 to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir.

United States District Court

For the Northern District of California

1  1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th

2  Cir. 1997) (en banc).  A prison official is deliberately indifferent if he knows that a prisoner

3  faces a substantial risk of serious harm and disregards that risk by failing to take reasonable

4  measures to abate it.  See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

5  Liberally construed, the amended complaint states three claims for relief for deliberate

6  indifference to serious medical needs in violation of his rights under the Eighth Amendment.

7  First, the amended complaint states a § 1983 claim for relief against Dr. Kinsey for deliberate

8  indifference to Williams' dental needs.  Second, the amended complaint states a § 1983 claim

9  for relief against correctional officer Mcanelly for deliberate indifference to Williams' medical

10  needs by interfering with a cardiac test.  Third, the amended complaint states a § 1983 claim for

11  relief against Dr. Nguyen and nurse Williams Delfs for refusing to provide medication and care

12  for Williams' seizure disorder.

13

14  **CONCLUSION**

15  For the foregoing reasons,

16  1.      The amended complaint states a claim for relief under 42 U.S.C. § 1983 against

17  defendants Kinsey, Mcanelly, Nguyen and Delfs for deliberate indifference to plaintiff's medical

18  needs.

19  2.      The clerk shall issue a summons and the United States Marshal shall serve, without

20  prepayment of fees, the summons, a copy of the amended complaint and a copy of this order

21  upon each of the following defendants, who allegedly are employed at Salinas Valley State

22  Prison:

23      - Dr. Kinsey (dentist)
       - correctional officer J.J. Mcanelly
24      - Dr. Nguyen
       - nurse William Delfs
25

26  3.      In order to expedite the resolution of this case, the following briefing schedule for

27  dispositive motions is set:

28

4

a.      No later than **October 20, 2006**, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **November 24, 2006**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

c.      If defendants wish to file a reply brief, the reply brief must be filed and served no later than **December 5, 2006**.

4.      All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is

5

required before the parties may conduct discovery.

6.     Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.     Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated:  August _7, 2006

_____
SUSAN ILLSTON
United States District Judge